IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, | CIVIL ACTION NO. 08 C 2223 |
| Plaintiffs, | JUDGE LEINENWEBER |
| vs. | MAGISTRATE JUDGE BROWN |
| CITY OF WEST CHICAGO, | |
| Defendant. | |
| CITY OF WEST CHICAGO, | |
| Defendant-Counter-Plaintiff, | |
| vs. | |
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, | |
| Plaintiffs-Counter-Defendants, | |
| and | |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, | |
| Counter-Defendant. | |

1

# DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTER-CLAIM

The Plaintiffs, WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLENN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, by their attorneys, complaining of the Defendant, CITY OF WEST CHICAGO, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § § 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of Plaintiffs' First Amended Complaint.**

2. Plaintiffs bring this action in their capacity as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, which is an "employee welfare benefit plans" and "plan" within the meaning of ERISA, Plaintiffs being the now acting Fiduciaries thereof, administering said Plan within this district.

**ANSWER: Defendant admits the allegation in Paragraph 2 of Plaintiffs' First Amended Complaint that Plaintiffs bring this action in their capacity as Trustees of MIDWEST OPERATING ENGINEERS WELFARE FUND, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in the rest of that paragraph.**

3. Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreement and Declaration

of Trust pursuant to which Plaintiff Fund is maintained and/or pursuant to the terms of a Collective Bargaining Agreement.

**ANSWER:** **Defendant admits the allegation in Paragraph 3 of Plaintiffs' First Amended Complaint that Defendant is an "Employer" within the meaning of ERISA and that Defendant is obligated to make fringe benefit contributions to Plaintiffs pursuant to the terms of a Collective Bargaining Agreement, but denies the truth of the allegations in the rest of that paragraph.**

4. As an Employer obligated to make fringe benefit contributions to Plaintiffs, Defendant is specifically required to do the following:

(a) To submit for each month a report stating the names and Social Security numbers for each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

**ANSWER:** **Defendant denies the allegations contained in Paragraph 4(a) of the Plaintiff's First Amended Complaint.**

(b) To accompany the aforesaid reports with payment of contributions based upon the rate as stated in the applicable Collective Bargaining Agreement;

**ANSWER:** **Defendant admits the allegation in Paragraph 4(b) of Plaintiffs' First Amended Complaint that Defendant is obligated to pay contributions based upon the rate stated in the applicable Collective Bargaining Agreement, but denies the truth of the allegations in the rest of that paragraph.**

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon

request made by Plaintiffs;

**ANSWER:   Defendant denies the allegations contained in Paragraph 4(c) of Plaintiff's First Amended Complaint.**

(d)     To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages on all contributions which are not received by Plaintiffs for a particular month prior to the 10th day of the preceding month;

**ANSWER:   Defendant denies the allegations contained in Paragraph 4(d) of Plaintiff's First Amended Complaint.**

(e)     To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

**ANSWER:   Defendant denies the allegations contained in Paragraph 4(e) of Plaintiff's First Amended Complaint.**

(f)     To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

**ANSWER:   Defendant denies the allegations contained in Paragraph 4(f) of Plaintiff's First Amended Complaint.**

(g)     To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:   Defendant denies the allegations contained in Paragraph 4(g) of Plaintiff's First Amended Complaint.**

5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plan in the following respect:

> Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs.

**ANSWER: Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.**

6. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $6,358.32 known to be due Plaintiffs from Defendant, and subject further to the possibility that additional amounts will come due during the pendency of this lawsuit.

**ANSWER: Defendant denies the allegations contained in Paragraph 6 of the Plaintiff's First Amended Complaint.**

7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER: Defendant admits the allegation in Paragraph 7 of Plaintiffs' First Amended Complaint that Plaintiffs have requested that Defendant pay Plaintiffs $6,358.32 and that Defendant has refused to pay Plaintiffs such, but denies the truth of the allegations in the rest of that paragraph.**

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER: Defendant denies the allegations contained in Paragraph 8 of**

**Plaintiff's First Amended Complaint.**

WHEREFORE, Defendant, the CITY OF WEST CHICAGO, pray this Honorable Court to dismiss with prejudice Plantiffs' First Amended Complaint and for such other relief which is appropriate or to which it is entitled.

## **COUNTER CLAIM**

Defendant-Counter-Plaintiff CITY OF WEST CHICAGO (hereinafter referred to as the "CITY") alleges the following as its counter-claim against Plaintiffs-Counter-Defendants WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLENN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND (hereinafter referred to as the "FUND"); and Counter-Defendant INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150 (hereinafter referred to as the "UNION") (The "FUND and the UNION collectively referred to as COUNTER-DEFENDANTS.)

1. The FUND is a trust and administrator of a health care and insurance benefits plan for members of the UNION.

2. The FUND has alleged that it is an "employee welfare benefit plan" and "plan" within the meaning of ERISA and acting as a fiduciary thereof.

3. The UNION is a collective bargaining organization representing certain employees of the CITY pursuant to a certain Agreement between City of West Chicago and International Union of Operating Engineers, Local 150, 2005-2009, effective January 6, 2007 (hereinafter referred to as the "Agreement").

4. The FUND has brought an action against the CITY under ERISA claiming that

the CITY has failed and refuses to make certain contributions and submit certain reports to it under the Agreement.

     5.    Article XI, INSURANCE, of the Agreement provides impertinent part:

In lieu of coverage under the City's health, prescription, vision, dental, life insurance, and flexible spending plans, effective July 1, 2005, and throughout the term of the Parties Collective Bargaining Agreement, all bargaining unit employees shall be eligible to participate in the Midwest Operating Engineers, Local 150 Health and Welfare Fund (hereinafter referred to as "UNION'S PLAN") without exclusion on the basis of active working status, hospital confinement, work conditions either treated or untreated prior to the effective date of coverage.

     3.    For such coverage, the CITY is required by Article XI to make certain monthly payments.

     4.    In accordance with Article XI, only bargaining unit employees on active working status are eligible for coverage.

     5.    The CITY has made and is current in all of the monthly payments required by Article XI of the Agreement.

     6.    The FUND or the UNION or both of them have breached the provisions of the Agreement as follows:

          a.    The FUND or the UNION, or both of them, have continued to provide coverage to bargaining unit employees after their separation from the CITY in violation of the provision in Article XI of the Agreement that bargaining unit employees shall be eligible to participate in coverage on the basis of active working status.

          b.    The FUND or the UNION, or both of them, have failed to provide coverage to certain bargaining unit employees on active working status.

          c.    The FUND or the UNION have provided coverage to bargaining unit

7

        employees who were not on active working status, during such time as said employees were engaged in a strike, and have assessed said charges against the CITY.

7. Because Counter-Defendants or one them has continued to provide coverage to bargaining unit employees after their separation from the CITY, Counter-Defendants have misapplied the payments required of the CITY under Article XI of the Agreement.

8. That the CITY is entitled to a credit from Counter-Defendants for such payments which Counter-Defendants have misapplied.

9. Despite notification to the UNION of such misapplication, Counter-Defendants continue and will continue to misapply such payments, causing irreparable injuries to the CITY for which the CITY has no adequate remedy at law.

    WHEREFORE, Defendant-Counter-Plaintiff, the CITY OF WEST CHICAGO prays:

    a. That Counter-Defendants provide a full and complete accounting of all payments made by the CITY for the bargaining unit employees.

    b. That Counter-Defendants provide an accounting of coverage and payments to the bargaining unit employees after their separation from the Defendant.

    c. That Counter-Defendants be enjoined and ordered to cease coverage of bargaining unit employees after their separation from the CITY.

    d. Judgment be entered in favor of the CITY and against the Counter-Defendants of one of them for all payments of the CITY which have not been applied in accordance with the Agreement and that such amounts be credited against future payments by the CITY.

    e. For such other and further relief to which the CITY is entitled.

9

                                              Respectfully Submitted:

                                              CITY OF WEST CHICAGO

                                              *Keith E. Letsche*
                                              Keith E. Letsche, One of its attorneys

Keith E. Letsche
Bond, Dickson & Associates, P.C.
400 S. Knoll Street, Unit C
Wheaton, IL 60187
(630) 681-1000
ARDC No. 06180988

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>CITY OF WEST CHICAGO,  )<br><br>Defendant.  ) | CIVIL ACTION NO. 08 C 2223<br><br>JUDGE LEINENWEBER<br><br>MAGISTRATE JUDGE BROWN |

_____

CITY OF WEST CHICAGO,   )

         Defendant-Counter-Plaintiff   )

vs.   )

WILLIAM E. DUGAN, DAVID SNELTEN,
STEVEN M. CISCO, JOHN E. KENNY, JR.,
DAVID FAGAN, MAMON POWERS, JR.,
MIKE PIRAINO, GLEN WEEKS, JAMES M.
SWEENEY, and MARSHALL DOUGLAS, as
Trustees of the MIDWEST OPERATING
ENGINEERS WELFARE FUND,   )

         Plaintiffs-Counter-Defendants,   )

and   )

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 150,   )

         Counter-Defendant.   )

## NOTICE OF FILING

To:   Patrick N. Ryan, Esq.
      Baum, Sigman, Auerbach & Newman, Ltd.
      200 W. Adams Street, Ste. 2200
      Chicago, IL 60606

PLEASE TAKE NOTICE that on the 20th day of June, 2008, we shall file electronically with the Clerk of the Court of the United States District Court, Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, Defendant, City of West Chicago's Answer to First Amended Complaint and Counter-Claim. A copy of this document is attached hereto and herewith served upon you.

                                    */s/ Keith E. Letsche* _____
                                    Keith E. Letsche, One of its Attorneys


Keith E. Letsche
BOND, DICKSON & ASSOCIATES, P.C.
400 S. Knoll Street, Unit C
Wheaton, IL 60187
(630) 681-1000
ARDC No. 06180988


## AFFIDAVIT OF SERVICE

I, the undersigned, an attorney, on oath states: I caused a true and correct copy of the foregoing Notice of Filing and document(s) referred to therein to be electronically filed (and thereby e-served by the District Court) this 20th day of June, 2008.

                                    */s/Keith E. Letsche* _____