```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
```

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTON, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF WEST CHICAGO, <br><br> Defendant. | |
| CITY OF WEST CHICAGO, <br><br> Defendant-Counter-Plaintiff, <br><br> v. <br><br> WILLIAM E. DUGAN, DAVID SNELTON, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, <br><br> Plaintiffs-Counter-Defendants, <br><br> and <br><br> INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, <br><br> Counter-Defendant. | Case No. 08 C 2223 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

The Midwest Operating Engineers Welfare Fund and its Trustees (hereinafter, collectively, "the Fund") bring this ERISA action against

Defendant City of West Chicago. According to the Complaint, Defendant has failed to submit required reports and is delinquent in making fringe benefit contributions to the Fund. The City denies the claims and argues that any alleged deficiency is due to the Fund's misapplication of contributions to certain union employees not on "active working status." The City has filed a Counterclaim against the Fund, seeking a declaration of the City and the Fund's respective obligations under ERISA and the Agreement between City of West Chicago and International Union of Operating Engineers, Local 150, 2005-2009 (the "Agreement" or "CBA"). The City joined Local 150 ("the Union") as a counter-defendant because of the Union's role as a party to the CBA. The Union now moves to dismiss the Counterclaim against it.

## I. DISCUSSION

According to the Union, the Counterclaim should be dismissed for three reasons: (1) any grievances between the City and the Union are subject to mandatory arbitration; (2) a declaratory judgment would serve no useful purpose; and (3) the Union is not a necessary party that must be joined under Rule 19(a)(1). However, because the Union's claim of arbitration was raised for the first time in its reply brief, it will not be considered. *See Kastel v. Winnetka Bd. of Educ., Dist. 36*, 946 F.Supp. 1329, 1335 (N.D.Ill., 1996). The Court proceeds instead to a determination of the usefulness of declaratory judgment and the propriety of joining the Union as a Counter-Defendant.

The Court has considerable discretion in determining whether to exercise jurisdiction over claims for declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Ordinarily, the Court will consider whether declaratory judgment would (1) settle the controversy; (2)

serve a useful purpose in clarifying the legal relations at issue; (3) be used merely for procedural fencing or forum shopping; (4) increase friction between federal and state courts and improperly encroach on state jurisdiction; and (5) be inappropriate in light of a more effective alternative remedy. *See NUCOR Corp v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir., 1994). Where a controversy already has ripened into a substantive suit which will resolve all the issues in the declaratory judgment claim, the counterclaim usually serves no useful purpose. *See Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 944 (N.D.Ill., 2002).

The Union argues that the City's Counterclaim for declaratory judgment is unnecessary and would serve no useful purpose in light of the Fund's underlying Complaint. However, the Union's arguments are based upon an incorrect perception that there is no substantive difference between the underlying Complaint and the City's Counterclaim. The City's Counterclaim requests additional findings about the obligations of the Fund and its methods of crediting employee accounts. The Counterclaim also seeks to establish a definitive finding of the City's obligations under the CBA; a finding it wishes to use not only to defend against the Fund, but also to head off any future litigation by the Union. Such an objective clearly is within the purposes for which the Declaratory Judgment Act was established. *See Anderson v. Capital One Bank*, 224 F.R.D. 444, 448 (N.D. Ill. 2004). The City's Counterclaim will also further the goal of efficient and final clarification of the legal obligations of these parties. The Counterclaim will serve a useful purpose in this case, and exercising jurisdiction over the request for declaratory judgment is wholly appropriate.

All that remains is to determine whether the Union has been joined properly as a Counter-Defendant. The City attempted to join the Union pursuant to Rule 19(a)(1), and the Union's motion to dismiss focuses on its (likely correct) contention that the Union is not a necessary party under that rule. Yet, despite the City's invocation of Rule 19, permissive joinder under the less restrictive requirements of Rule 20 remains available. *See Servpro Industries, Inc. v. Schmidt*, 905 F.Supp. 470, 474 (N.D.Ill., 1995) ("reference to Rule 19(a) should not preclude joinder under Rule 20 . . . Pleadings are liberally construed"). Under Rule 20, two parties may be joined as defendants if: (A) a right to joint, several, or alternative relief is asserted against them with respect to the same transaction or series of transactions; and (B) any question of law or fact common to all defendants will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). These requirements are construed in light of Rule 20's purpose "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 515 (N.D.Ill., 2000). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

In its Counterclaim, the City seeks a determination of its own obligations under the CBA and the proper application of contributions with respect to employees who are not on active working status. The declarations sought against both counter-Defendants arise out of the same series of transactions, and they include common questions of law and fact. The City's Counterclaim therefore meets the two requirements of

Rule 20(a)(2). Resolution of the City's obligations as to all parties and direct beneficiaries of the CBA would also further the goals of permissive joinder, by promoting judicial efficiency and bringing clarity to the legal relations and obligations of all those involved in the fringe benefit contribution scheme.

The real heart of the Union's argument is that the Counterclaim fails to seek any relief against the Union. However, the City does not fail to state a claim for relief simply because it asks for a declaration of its own obligations, rather than the obligations of the Union. When a party seeks declaratory judgment about its own obligations, it does so in the hope of establishing those obligations once and for all and preventing future suit based on the same conduct. A request for declaratory judgment therefore states a claim for relief against all opposing parties joined. While such reasoning may have the appearance of broad-ranging effect, it is measured considerably by the rules of justiciability and the discretion inherent in a Court's decision to hear an action for declaratory judgment. In this case, the Court determines that joinder of the Union as a Counter-Defendant would be appropriate, efficient, and desirable.

## II. **CONCLUSON**

For the reasons stated here in, the Union's Motion to Dismiss is **denied.**

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** 12/29/2008